Date signed June 12, 2008



_____
PAUL MANNES
U. S. BANKRUPTCY JUDGE

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Greenbelt

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| RICHARD THOMAS | : | Case No. 08-15211PM |
| | : | Chapter 13 |
|     Debtor | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | : | |
| WILLIAM WALKER | : | |
| JOHN WALKER | : | |
|     Movants | : | |
| vs. | : | |
| | : | |
| RICHARD THOMAS | : | |
| NANCY SPENCER GRIGSBY, Trustee | : | |
|     Respondents | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | : | |

### MEMORANDUM OF DECISION

    Before the court is the Motion for Relief from Automatic Stay filed by William Walker and John Walker, counter-parties to a certain land installment contract for the property known as 7905 Shirley Court, Clinton, Maryland, 20735.

    The matter came before the court for hearing on June 9, 2008. The Debtor was not in attendance because of the fact that he was called away to his mother's bedside in Greensboro, North Carolina. She passed away on May 30, 2008.[1] Debtor filed a motion to continue the

---

[1]The court notes also that the Chapter 13 Trustee filed a motion to dismiss this case on account of Debtor's failure to attend the meeting of creditors scheduled May 29, 2008. The

hearing, but, in the absence of the consent of the moving parties, the court's hands were tied by § 362(e)(1) of the Bankruptcy Code that would have caused the termination of the automatic stay in any event.

Movants offered testimony that since the parties entered into the land installment contract on September 17, 2008, the Debtor has paid only $2,200.00 on account and, as of the filing of the bankruptcy case on April 15, 2008, Debtor was $17,537.42 in arrears. Since that time, Movants' records reflect no further payments. The amount claimed due in $25,763.04, although of that sum a $250.00 processing fee and a $1,700.00 legal fee appear unjustified.

Debtor filed a response on May 9, 2008, pointing out that he made his first payment of $3,107.43 to the agent of the Movants on May 9, 2008. Movants denied receipt of this payment. If this payment were acknowledged, the court would have denied the Motion for Relief to enable the Debtor to proceed with the prosecution of this bankruptcy case under Chapter 13. Debtor's Schedules reflect only the moving parties' agent as a creditor. The finding by the court that no payment was made since the filing of the bankruptcy case to the Movants was based solely on the Movants' uncontradicted testimony. Because of the missed payment and also in the light of Debtor's previous payment history, the court will grant the Motion for Relief. However, to enable the Debtor to rebut the claim that the payment was not made, the court will keep the record open until **June 18, 2008**, before entering an order in connection with this Memorandum.

cc:
Richard S. Basile, Esq., 6305 Ivy Lane, Suite 416, Greenbelt, MD 20770
Richard Thomas, 7905 Shirley Court, Clinton, MD 20735
Nancy S. Grigsby, Trustee, P.O. Box 958, Bowie, MD 20718

**End of Memorandum**

---

court assumes that the reason the Debtor did not attend was on account of his attendance at his mother's last illness. It remains up to the Debtor to contact the Chapter 13 Trustee to reschedule the meeting of creditors.